**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANITA BARAJAS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-04881 |
| v. | ) | |
| | ) | |
| CENTRAL CREDIT SERVICES, LLC, | ) | |
| | ) | Jury Demanded |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Anita Barajas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et seq.* ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3.      Defendant sent Plaintiff a collection letter misrepresenting the character of an alleged debt.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Anita Barajas, ("Plaintiff") is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted First Premier Bank consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Central Credit Services, LLC, ("Central"), is a Florida corporation that does or transact business in Illinois. Central's registered agent in Illinois is C T Corporation System located at 208 SO LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8.      Central is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Central is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10.      Thus, Central is a "debt collector" as that term is defined at § 1692a of the FDCPA because it regularly collects or attempts to collect debts owed or due or asserted to be due another.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a First Premier Bank consumer credit card, account number ending with 8579 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12.     Due to financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13.     Central subsequently began collecting the alleged debt.

14.     On or about July 17, 2017, Central sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15.     The Letter conveyed information regarding the alleged debt, including the identity of the original creditor, account number and an account balance.

16.     The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

17.     The Letter states, in a relevant part:

> **Your balance may increase due to interest or other charges as permitted by law or in your original agreement.**

(Ex. C, Letter) (emphasis added)

18.     Plaintiff believed, as the unsophisticated consumer would believe, that the balance of the alleged debt could increase due to interest or other charges.

19.     However, the balance of the alleged debt was fixed, as the debt was charged-off by the original creditor and sent to a third party for collection.

20.     In fact, the balance of the alleged debt had not changed since January 2017, according to Plaintiff's credit report. (Exhibit D, Experian Credit Report).

21.     The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit by making immediate payments on the debt because doing so will avoid the interest or other charges that Central's letter threatens.

22.     Central never intended to add interest or other charges.

23.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or…**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24.     Central misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated interest or other charges could be added to the amount of the alleged debt.

25.     Central's misrepresentation is material because consumers must often make difficult decisions about how to use scarce financial resources, and the fear of an increasing balance might influence these consumers' choices. Therefore, the challenged statement is material. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

26.     Plaintiff experienced negative emotions about Central's collection efforts, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

27.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

28.     Plaintiff re-alleges above paragraphs as set forth fully in this count.

29.     Central misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely threatened that the balance of an alleged debt could increase because of interest or other charges.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514

5

Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com